IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WALTER MICHAEL ANDRUS,<br><br>    Plaintiff,<br><br>vs.<br><br>NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER REMANDING CASE<br><br><br><br>Case No. 2:08-CV-391 TS |

The present case is a dispute over the proper disposition of a life insurance policy. Upon the death of the policy holder, Plaintiff filed a claim with Defendant for the death benefits of the policy. Being aware of the potential claims of Counter Claimant Rebekah Andrus, Defendant refused payment, whereupon Plaintiff filed suit in the Fifth Judicial District of the State of Utah, in and for Washington County.

This case was removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. In an equitable interpleader action, such as this, the Court has diversity jurisdiction "when there is diversity of citizenship between the stakeholders and the claimants."[1] When the Court has original

---

[1] *John Hancock Mut. Life Ins. Co. v. Kraft*, 200 F.2d 952, 953 (2d Cir. 1953). *See also Travelers Ins. Co. v. First Nat. Bank of Shreveport*, 675 F.2d 633, 637 n.9 (5th Cir. 1982).

1

jurisdiction over the primary claims by claimants against the stakeholder, it also exercises supplementary jurisdiction over claims between claimants, pursuant to 28 U.S.C. § 1367.[2] Thus, while dismissal of the stakeholder eliminates the cause of action upon which diversity jurisdiction is based, it does not divest the Court of supplementary jurisdiction.[3] The Court has discretion, however, to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) if the claims raise novel or complex issues of State law or if the state claims substantially predominate over the claim which gave rise to original jurisdiction.

Plaintiff is a Utah resident and Defendant is a Delaware corporation, so the Court's initial jurisdiction in this case was proper under 28 U.S.C. § 1332.[4] Subsequent to removal, Defendant deposited the amount in controversy with the Court and was dismissed from the case pursuant to a stipulation of the parties,[5] leaving only those claims between Plaintiff and Counter Claimant, both of which are Utah residents.

This matter is presently before the Court on Plaintiff's Motion to Remand. The Court finds that the stipulated dismissal of Defendant dismissed all claims over which the Court had original jurisdiction. Because the only remaining questions are novel issues of Utah insurance and probate law, the Court declines supplemental jurisdiction. It is therefore

---

[2] *See Nationwide Mut. Fire Ins. Co. v. T & D Cottage Auto Parts & Service, Inc.*, 705 F.2d 685, 687 (3d Cir. 1983).

[3] *Id.*; *Leimbach v. Allan*, 976 F.2d 912, 917 (4th Cir. 1992).

[4] Plaintiff and Counter Claimant are both Utah residents and Defendant is a Delaware corporation with its principle place of business in Milwaukee, Wisconsin.

[5] Docket Nos. 15 and 16.

ORDERED that Plaintiff's Motion to Remand (Docket No. 19) is GRANTED. The case is REMANDED to the Fifth Judicial District of the State of Utah, in and for Washington County. The hearing set for June 11, 2009 is STRICKEN.

DATED June 2, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge